**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis TOVAR, aka Luis Antonio Tovar, aka Pelon, aka Luis Tovar, Jr., Defendant–Appellant.**

No. 02–50059.

D.C. No. CR–97–01233–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 22, 2003.

Patrick W. McLaughlin, Miriam A. Krinsky, Asst. U.S. Atty., Lisa M. Feldman, Samantha P. Jessner, Asst. U.S. Atty., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Marlene Gerdts, Beverly Hills, CA, Luis Tovar, pro se, Taft, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM[**]

Luis Tovar appeals from the district court's judgment resentencing him to three concurrent terms of 188 months and a concurrent term of 120 months, following his guilty plea to one count each of: conspiracy to manufacture, possess, and distribute methamphetamine (21 U.S.C. § 846); possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)); possession of chemicals and equipment intended to be used to manufacture methamphetamine (21 U.S.C. § 843(a)(6)); and conspiring to manufacture methamphetamine (21 U.S.C. §§ 841(a)(1) and 846). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tovar first contends that the district court erred at resentencing by failing to specify, according to Fed.R.Crim.P. 32, the precise amount of methamphetamine attributed to him. We review compliance with Rule 32 de novo, *United States v. Herrera–Rojas,* 243 F.3d 1139, 1142 (9th Cir.2001), and disagree. The district court

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

complied with Rule 32 by determining the correct sentencing base level. *See United States v. Buckland,* 289 F.3d 558, 569–70 (9th Cir.2002) (en banc); *see also United States v. Culps,* 300 F.3d 1069, 1076 (9th Cir.2002); *United States v. Lopes–Montes,* 165 F.3d 730, 731 (9th Cir.1999).

Tovar also contends that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by failing to find the amount of methamphetamine beyond a reasonable doubt. We disagree. The district court did find the amount beyond a reasonable doubt. Further, because Tovar's sentence did not exceed the statutory maximum for the offenses, no *Apprendi* violation is cognizable on these facts. *See United States v. Banuelos,* 322 F.3d 700, 705 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.